**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

TIM ROGERS                                                                                        PLAINTIFF

V.                                                          CIVIL ACTION NO.: 1:13-CV-00197-SA-DAS

LOUISVILLE-WINSTON COUNTY AIRPORT AUTHORITY,
AND MICHAEL FORSTER, SAM SUTTLE, BEN KIRK,
WILLIAM COOPER, JOEY PARTRIDGE, ROBERT LLOYD,
MARK DONALD AND TROY WARD,
IN THEIR INDIVIDUAL CAPACITIES                                                     DEFENDANTS

**MEMORANDUM OPINION**

This cause comes before the Court on the Motion for Summary Judgment [22] filed by Defendants William Cooper, Ben Kirk, and Robert Lloyd. Defendants Mark Donald, Michael Forster, Joey Partridge, Sam Suttle, and Troy Ward have joined in the motion [28]. Upon due consideration of the motion, responses, rules, and authorities, the Court finds as follows:

Factual and Procedural Background

In October 2010, Plaintiff Tim Rogers approached Commissioners of the Louisville-Winston County Airport Authority ("LWCAA") and inquired about leasing a hangar for an airplane he planned to purchase. Rogers was offered hangar space but claims that the proposed space was unsuitable because it was too small for his airplane. Over the course of the next two years, Rogers claims that he continued to request suitable hangar space but was denied by the Commissioners, despite adequate hangars being available. Rogers eventually entered into a lease agreement for the rental of hangar space in October 2012, but alleges that his airplane was damaged during the interim period of time that the Commissioners refused to rent him one of the available hangars.

Rogers filed suit in this Court pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his Fourteenth Amendment rights to due process and equal protection. The individual Defendants now seek the dismissal of Plaintiff's claims against them based on the doctrine of qualified immunity. These issues now being ripe for review, the Court is ready to rule.

Summary Judgment Standard

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when the evidence reveals no genuine dispute regarding any material fact and the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Id. at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir.1994) (en banc). However, conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick

James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little, 37 F.3d at 1075.

## Analysis and Discussion

### *Qualified Immunity*

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009) (internal quotations omitted). "[Q]ualified immunity is an immunity from suit rather than a mere defense to liability." Id., 129 S. Ct. 808 (internal quotations omitted). Once a government official asserts qualified immunity, it is the plaintiff's burden to prove that he is not entitled to it. Michalik v. Hermann, 422 F.3d 252, 258 (5th Cir. 2005).

In evaluating qualified immunity, the Court employs a two-step process. The Court must determine whether the plaintiff has alleged a violation of a clearly established constitutional right and whether the government official's conduct was objectively reasonable under the law at the time of the incident. Id. at 257-58. "To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." Reichle v. Howards, --- U.S. ---, 132 S. Ct. 2088, 2093, 182 L. Ed. 2d 985 (2012) (internal quotations omitted). In conducting this analysis, the Court may address these issues in any order according to its sound discretion and in light of the circumstances of the case at hand. Pearson, 555 U.S. at 236, 129 S. Ct. 808.

*Substantive Due Process Claim*

Rogers contends the individual Defendants violated his right to due process under the Fourteenth Amendment by irrationally denying him access to public services. Though the Complaint [1] quotes a Mississippi statute when describing Rogers' due process claim against the individual Defendants,[1] Rogers argues in response to the pending motion that he "bases his due process claim directly on his Fourteenth Amendment right to access government services without an irrational and illegitimate deprivation of such access." Rogers claims that this

> right of a citizen to be free from the denial of access to a public service based on discriminatory treatment at the hands of [a] public official, where that official lacks any rational basis for such treatment or harbors personal animus against the citizen, was clearly established by Olech in 2000 and expounded on by Mikeska and Lindquist, in 2006 and 2008 respectively . . . .

However, Village of Willowbrook v. Olech dealt exclusively with the Equal Protection Clause of the Fourteenth Amendment and did not address whether citizens had a constitutional right to access public services. 528 U.S. 562, 563-65, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000) (per curiam). Similarly, the Fifth Circuit did not address in Mikeska v. City of Galveston whether the plaintiffs had a constitutionally protected right to access public utility services, as Rogers claims. 451 F.3d 376, 379 (5th Cir. 2006) ("The district court held that the appellants have a constitutionally protected right in their homes and in access to public utility services, a decision that the City does not seek to disturb on appeal."). And in Lindquist v. City of Pasadena, Tex., the Fifth Circuit affirmed the district court's dismissal of the plaintiffs' substantive due process claims without addressing the alleged constitutional right. 525 F.3d 383, 387-88 (5th Cir. 2008).

---

[1] The Complaint states that "Mr. Rogers had a due process right to 'rightful, equal, and uniform use of the airport, air navigation facility or portion of the facility thereof.'" See MISS. CODE ANN. § 61-3-21 ("In no case shall the public be deprived of its rightful, equal and uniform use of the airport, air navigation facility or portion or facility thereof.").

The Court finds the Fifth Circuit's reasoning in Lindquist to be particularly applicable to the case at bar. There, the Fifth Circuit held that the plaintiffs' due process claim was simply their "equal protection claim recast in substantive due process terms" and therefore that it could not proceed. Id. (citing County of Sacramento v. Lewis, 523 U.S. 833, 842, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998) ("[W]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.") (citation omitted); Willis v. Town of Marshall, 426 F.3d 251, 266 (4th Cir. 2005) ("Because Willis's substantive due process claim thus 'fully overlaps' her Equal Protection claim, the district court properly rejected the due process claim.") (citation omitted)).

Notably, Rogers sets forth his argument that he had a clearly established right to access public services in defense of his equal protection claim and then merely relies upon the same authority and arguments to support his due process claim. Thus, as in Lindquist and Willis, the Court finds that Rogers' substantive due process and equal protection claims fully overlap, and his due process claim must be dismissed.

*Equal Protection*

In response to the pending motion, Rogers clarifies that his claims against the Defendants for violations of his right to equal protection under the Fourteenth Amendment are based on a "class of one" theory of discrimination. See Village of Willowbrook, 528 U.S. at 564, 120 S. Ct. 1073. "To be a 'class of one,' the plaintiff must establish (1) he was intentionally treated differently from others similarly situated and (2) there was no rational basis for any such difference." Wilson v. Birnberg, 667 F.3d 591, 599 (5th Cir. 2012) (internal quotation marks and citations omitted).

The Fifth Circuit has recognized that "[t]he legal requirement that a class-of-one plaintiff's comparators be 'similarly situated' is not a requirement susceptible to rigid, mechanical application – '[t]here is no precise formula to determine whether an individual is similarly situated to comparators.'" Lindquist v. City of Pasadena, Tex., 669 F.3d 225, 233 (5th Cir. 2012) (quoting McDonald v. Vill. of Winnetka, 371 F.3d 992, 1002 (7th Cir. 2004)). Rather, "'the degree to which others are viewed as similarly situated' necessarily will depend 'substantially on the facts and context of the case.'" Id. at 234 (quoting Jennings v. City of Stillwater, 383 F.3d 1199, 1214 (10th Cir. 2004)). "In short, the inquiry is case-specific and requires [the Court] to consider 'the full variety of factors that an objectively reasonable . . . decisionmaker would have found relevant in making the challenged decision.'" Id. (quoting Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1203 (11th Cir. 2007)).

Here, Rogers has not satisfied his burden of identifying similarly situated comparators. In response to the individual Defendants' motion, Rogers submits a signed declaration wherein he claims that Defendants promised to rent him hangar space but later "reneged on their offer" and "instead leased the hangar space to another favored individual at a lower rent." However, Rogers never identifies this other "favored individual" nor does he present any evidence regarding that individual's particular circumstances.

As another district court recently found, "[w]ithout knowing who the comparators are or the circumstances of their cases, it is impossible to know whether they are similarly situated, whether [Defendants] intentionally treated [Rogers] differently, or whether a rational basis supports the differing decisions." Wells v. Newkirk-Turner, 2014 WL 5392960, at *4 (S.D. Miss. Oct. 22, 2014) (citing Griffin Indus., Inc. v. Irvin, 496 F.3d 1189, 1205 (11th Cir. 2007) (observing that "'class of one' plaintiffs may (just like other plaintiffs) fairly be required to show

that their professed comparison is sufficiently apt") (collecting cases); TexCom Gulf Disposal, LLC v. Montgomery Cnty., Tex., 2014 WL 2931943, at *12 (S.D. Tex. June 27, 2014) (granting motion to dismiss class of one claim because plaintiff failed to aver sufficient facts to determine whether comparators were similarly situated)).

Similarly, Rogers alleges that "[s]everal of the individual defendants leased hangars from the LWCAA, on favorable terms." However, Rogers offers no evidence as to what those terms were, when those individuals rented hangar space, whether there were available hangars at the time, or the size of their airplanes in relation to the size of the hangars available. Additionally, Rogers states in his declaration that Defendant Ward told him one of the hangars was being reserved for a large plane Taylor Machine Works was going to purchase. Rogers goes on to state that "reserving the space for Taylor Machine Works amounted to favoritism and violated the so called 'first come first served' rule I was just informed of." Still, Rogers offers no evidence that Taylor Machine Works was actually able to rent a hangar space or any other details of its supposedly preferential treatment by Defendants. Accordingly, the Court finds that Rogers has submitted insufficient evidence to show that Defendants intentionally treated him differently than others similarly situated.

Rogers also claims that the individual Defendants violated his equal protection rights through selective enforcement or personal vindictiveness. However, the Fifth Circuit has held that "a 'class-of-one' plaintiff must, at a minimum, show he has been intentionally treated differently from others similarly situated." Williams v. Riley, 275 F. App'x 385, 390 (5th Cir. 2008) (internal quotation marks omitted) (citing Village of Willowbrook, 528 U.S. at 564, 120 S. Ct. 1073; Shipp v. McMahon, 234 F.3d 907, 916 (5th Cir. 2000) overruled on other grounds by McClendon v. City of Columbia, 305 F.3d 314 (5th Cir. 2002) (stating plaintiff must also allege

"an illegitimate animus or ill-will motivated" the different treatment); Mikeska, 451 F.3d at 381 & n.4 (listing different types of class of one claims)); see also L & F Homes & Dev., L.L.C. v. City of Gulfport, Miss., 538 F. App'x 395, 403 (5th Cir. 2013) cert. denied, 134 S. Ct. 1038, 188 L. Ed. 2d 122 (2014); Craig v. City of Yazoo City, Miss., 984 F. Supp. 2d 616, 625-26 (S.D. Miss. 2013) (finding that a showing of a similarly situated comparator is necessary for selective enforcement claim). Accordingly, the Court finds Rogers has failed to show that the individual Defendants violated his clearly established equal protection rights, and summary judgment is proper.

*Retaliation*

In the Complaint, Rogers explicitly states four causes of action: violation of his Fourteenth Amendment due process rights by the individual Defendants, violation of his Fourteenth Amendment due process rights by the LWCAA, violation of his Fourteenth Amendment equal protection rights by the individual Defendants, and violation of his Fourteenth Amendment equal protection rights by the LWCAA. Rogers claims, inter alia, that the individual Defendants violated his equal protection rights due to "the exercise of his First Amendment right to speak and petition for redress of grievances on a matter of public concern, namely the fair, equitable and honest operation of a public airport."

In response to the individual Defendants' motion, Rogers argues that he "states a claim [for retaliation] under the First Amendment and the Fourteenth Amendment." In their rebuttal memoranda, the individual Defendants attempt to move for the dismissal of Rogers' First Amendment claims on the basis that such claims were not properly pled in the Complaint. However, the Court finds the individual Defendants' request to be improper pursuant to the Local Rules. See L.U.Civ.R. 7(b)(3)(C) ("A response to a motion may not include a counter-

motion in the same document. Any motion must be an item docketed separately from a response.").

To the extent that Rogers states a separate claim for retaliation based upon the exercise of his First Amendment rights, the Fifth Circuit has explained that "[t]he First Amendment prohibits not only direct limits on individual speech but also adverse governmental action against an individual in retaliation for the exercise of protected speech activities." Keenan v. Tejeda, 290 F.3d 252, 258 (5th Cir. 2002) (citation omitted). Outside of the employment or contractual context, a plaintiff alleging retaliation by government officials for the exercise of his First Amendment rights must show that:

> (1) they were engaged in constitutionally protected activity, (2) the defendants' actions caused them to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendants' adverse actions were substantially motivated against the plaintiffs' exercise of constitutionally protected conduct.

Id. (citations omitted). In other words, "the First Amendment is violated in 'ordinary citizen' cases if the individual engaged in conduct protected by the First Amendment and the government took action against the person because of that protected conduct." Kinney v. Weaver, 367 F.3d 337, 358 (5th Cir. 2004) (citing Rolf v. City of San Antonio, 77 F.3d 823, 827 (5th Cir. 1996)).

Here, the individual Defendants contend that Rogers did not engage in constitutionally protected activity and that he has not submitted sufficient evidence of retaliation. Finding the latter argument dispositive, the Court need not address whether Rogers' alleged activity would be protected under the First Amendment.

Rogers claims that he first inquired about renting hangar space in October 2010, that he was offered an unsuitable hangar at that time, and that he was denied his request to rent a suitable hangar. Rogers states in his signed declaration that he attended a meeting of the

LWCAA Board of Commissioners in December 2010 in order to present "photographic proof" that his airplane would not fit in the hangar that had been offered to him and that he continued "inquiring about the availability of the unused hanger" to no avail. Rogers states that he became frustrated and communicated his concerns and complaints to the Mayor and other representatives of the city of Louisville, Mississippi and to the individual Defendants at several public meetings between December 2010 and 2012. According to Rogers, the individual Defendants continued to refuse to rent him a suitable hangar, despite his complaints, until he submitted a formal complaint against the LWCAA with the Federal Aviation Administration ("FAA").[2] Rogers states that the LWCAA finally relented and made suitable hangar space available to him after he filed his complaint with the FAA.

According to Rogers' own version of events, the individual Defendants refused his initial request for "suitable hangar space" and instead offered him an unsuitable hangar to lease. Rogers essentially contends that the individual Defendants remained steadfast in their refusal *despite* his alleged exercise of his First Amendment rights. Such allegations simply do not support a First Amendment retaliation claim because Rogers has offered no proof that the individual Defendants "adverse actions were substantially motivated against the plaintiffs' exercise of constitutionally protected conduct." Keenan, 290 F.3d at 258. Therefore, the Court finds that Rogers has failed to show that the individual Defendants violated his rights under the First Amendment and such claims are dismissed.

## Conclusion

For the foregoing reasons, the Court finds that the motion for summary judgment [22] filed by Defendants William Cooper, Ben Kirk, and Robert Lloyd, and joined [28] by Defendants Mark Donald, Michael Forster, Joey Partridge, Sam Suttle, and Troy Ward is well

---

[2] The record is silent as to when Rogers submitted his complaint to the FAA.

taken and is hereby GRANTED. Whereas Plaintiff Tim Rogers has failed to show that the individual Defendants violated any clearly established constitutional or statutory rights, the Court finds that he has not met his burden to prove that the individual Defendants are not entitled to qualified immunity. A separate order to that effect shall issue this day.

    SO ORDERED on this, the 31st day of March, 2015.

    /s/ Sharion Aycock
    UNITED STATES DISTRICT JUDGE